Lauren Sliger, Bar No. 213880
Lsliger@perkinscoie.com
PERKINS COIE LLP
1620 - 26th Street, Sixth Floor
Santa Monica, CA 90404
Telephone: (310) 788-9900
Facsimile: (310) 788-3399

Chad S. Campbell (*pro hac vice appl. pending*)
CSCampbell@perkinscoie.com
David S. LaSpaluto, Bar No. 211276
DlaSpaluto@perkinscoie.com
Scott S. Minder (*pro hac vice appl. pending*)
SMinder@perkinscoie.com
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
Telephone: (602) 351-8000
Facsimile: (602) 648-7000

Attorneys for Intervenor
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANCORA TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOSHIBA AMERICA INFORMATION, SYSTEMS, INC., et al., <br><br> Defendants, <br><br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervenor. | Case No. SACV08-626 AG (ANx) <br><br> **MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION BY MICROSOFT CORPORATION TO INTERVENE** <br><br> Date:  September 29, 2008 <br> Time:  10:00 a.m. <br> Place: Ct. Rm. 10D <br> Judge: Hon. Andrew J. Guilford |

## Microsoft's Unopposed Motion to Intervene

This is a patent infringement suit. Microsoft Corporation ("Microsoft") requests leave to intervene because:

    (1)  Plaintiff's patent infringement claims are based on the Defendants' alleged use of Microsoft software and technology, and thus Microsoft has a direct and substantial stake in this litigation;

    (2)  Defendants Dell, Inc., Toshiba American Information Systems, Inc., and Hewlett-Packard Company are three of Microsoft's largest customers and have tendered demands for indemnification and defense to Microsoft;

    (3)  Microsoft's presence as a party in this litigation will promote judicial economy because it will resolve all issues relating to the accused Microsoft technology and the asserted patent in one proceeding, thereby eliminating the prospect for multiple lawsuits; and

    (4)  The litigation is in its early stages, and the existing parties will not be prejudiced by Microsoft's entry into the case.

    (5)  Plaintiff and each of the Defendants have stipulated to the entry of an order permitting Microsoft to intervene in this matter.

## Discussion by Microsoft

Intervention should be freely permitted under Rule 24 so that all parties with a practical interest in the outcome of a case may participate. Fed. R. Civ. P. 24; *United States v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002) (reversing refusal to permit collective bargaining unit to intervene in action against members).

///

1. ***Microsoft qualifies for intervention as a matter of right under Fed. R. Civ. P. 24(a)(2).***

Intervention by right under Rule 24(a)(2) requires a showing that (1) the applicant has a significant protectable interest that relates to the property or transaction at issue in the case; (2) the disposition *may* as a practical matter adversely affect applicant's ability to protect that interest; (3) the existing parties *might* not represent applicant's interest adequately; and (4) the applicant timely sought to intervene. Fed R. Civ. P. 24(a)(2); *Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007) (reversing denial of motion to intervene by right). Microsoft's motion and interests satisfy the four-part test.

Microsoft has a direct and substantial interest in the adjudication of this case. The three Defendants are large Microsoft original equipment manufacturer (OEM) customers who make and sell computer products equipped with Microsoft software. Plaintiff alleges patent infringement based on the Defendants' alleged use of Microsoft software and technology in connection with making and selling computer products. [Complaint, ¶ 11 (Dkt. No. 1)] Microsoft has an obvious and direct interest in defending its OEM customers and the Microsoft software and technology that they may use. *In re Estate of Marcos*, No. 06-16301, ___ F.3d ___, 2008 WL 2924977, at *3 (9th Cir. July 31, 2008) ("The relationship requirement is met if the resolution of the plaintiff's claims actually will affect the applicant.") (citation omitted); *Day*, 505 F.3d at 965 (intervention should have been allowed where the disposition of the action could impede the applicant's ability to protect its interest in land); *Chandler & Price Co. v. Brandtjen & Kluge, Inc.*, 296 U.S. 53, 55, 56 S. Ct. 6, 7 (1935) (in patent infringement suit against customers, intervention by

/ / /

/ / /

/ / /

Manufacturer was "necessary for the protection of its interests").[1]

Moreover, Microsoft has an interest in resolving in a single lawsuit the potential for Plaintiff's infringement contentions to apply to other Microsoft OEM customers that may use the same software and technology at issue here. "[I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 738 (1st Cir. 1977).

The surest and most practical way for Microsoft to protect its interests in the Microsoft software and technology targeted by Plaintiff's infringement allegations is for Microsoft to enter the case and defend the claims directly. None of the Microsoft OEM Defendants possesses comparable expertise or incentive to defend Microsoft's own software and technology. Microsoft's participation will further benefit the court and the parties by ensuring that Plaintiff's claims are resolved on the basis of accurate information. Finally, this motion to intervene is timely filed and will not prejudice the existing parties.

### 2. *Alternatively, Microsoft should be granted permission to intervene under Fed. R. Civ. P. 24(b)(2).*

"[A] significant protectable interest is not required by Rule 24(b) for [permissive] intervention; all that is necessary for permissive intervention is that [the] intervenor's claim or defense and the main action have a question of law or fact in common." *Kootenai Tribe v. Veneman*, 313 F.3d 1094, 1108, 1110 (9th Cir. 2002) (affirming grant of permissive intervention where intervenor's defenses were "directly responsive to the claims" asserted by plaintiffs) (internal quotation marks

---

[1] *See also, Stewart-Warner Corp. v. Westinghouse Elec. Corp.*, 325 F.2d 822, 826 (2d Cir. 1963) ("There is no doubt of the propriety of . . . intervention" by manufacturer of the equipment accused of infringement); *IBM Corp. v. Conner Peripherals, Inc.*, Nos. C-93-20117, -20829, -20591, 1994 WL 706208, at *5 (N.D. Cal. Dec. 13, 1994) ("To the extent [intervenor manufacturer's] products are implicated by IBM's infringement claims, [manufacturer] has a direct interest in the subject matter of the action.").

and citation omitted); *Martinez v. City of Oxnard*, 229 F.R.D. 159, 161-62 (C.D. Cal. 2005) (permitting intervention to challenge protective order entered by the court). Here, Microsoft's claim in intervention and the claims and defenses asserted by the parties share many common questions of fact and law. Examples of these commonalities include the proper construction of disputed claim language of the patent in suit, whether the asserted patent claims are invalid; whether use of Microsoft's software and technology infringes any claim of the patent in suit, and the proper scope of discovery from the patentee and from Microsoft.

Even if the Court were to conclude that Microsoft has no absolute right to intervene, the Court should permit intervention in view of the common issues between Microsoft's claims in intervention and the rest of the case, and the absence of any possible prejudice to any party. By the currently filed stipulation, the existing parties have confirmed that they do not oppose intervention in this action by Microsoft.

As required by Fed. R. Civ. P. 24(c), a proposed Complaint in Intervention is attached to this memorandum as Exhibit A.

Respectfully submitted,

DATED: September 5, 2008

**PERKINS COIE LLP**

**PERKINS COIE BROWN & BAIN P.A.**

By: /s/ Lauren Sliger
Lauren Sliger

Attorneys for Intervenor
MICROSOFT CORPORATION

# Exhibit A

Lauren Sliger, Bar No. 213880
Lsliger@perkinscoie.com
PERKINS COIE LLP
1620 - 26th Street, Sixth Floor
Santa Monica, CA 90404
Telephone: (310) 788-9900
Facsimile: (310) 788-3399

Chad S. Campbell (*pro hac vice appl. pending*)
CSCampbell@perkinscoie.com
David S. LaSpaluto, Bar No. 211276
DlaSpaluto@perkinscoie.com
Scott S. Minder (*pro hac vice appl. pending*)
SMinder@perkinscoie.com
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
Telephone: (602) 351-8000
Facsimile: (602) 648-7000

Attorneys for Intervenor
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANCORA TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TOSHIBA AMERICA INFORMATION, SYSTEMS, INC., DELL, INC., HEWLETT-PACKARD COMPANY,<br><br>Defendants.<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>Intervenor. | Case No. SACV08-626 AG (ANx)<br><br>**MICROSOFT CORPORATION'S COMPLAINT IN INTERVENTION**<br><br>1) **Declaratory Judgment of Noninfringement of U.S. Patent No. 6,411,941**<br><br>2) **Declaratory Judgment of Invalidity of U.S. Patent No. 6,411,941**<br><br>**Jury Trial Demanded** |

For its Complaint in Intervention against Plaintiff Ancora Technologies, Inc. ("Ancora" or "Plaintiff"), intervenor Microsoft Corporation ("Microsoft") states as follows:

## PARTIES

1. Microsoft is a corporation organized under the laws of the State of Washington, with its principal place of business at One Microsoft Way, Redmond, Washington 98052.

2. On information and belief, Ancora claims to be a corporation organized under the laws of the State of Delaware, with a place of business at 14014 Moorpark, #215, Sherman Oaks, California 91423.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns a federal question relating to patents arising under Title 25 of the United States Code, and pursuant to 28 U.S.C. §§ 2201 and 2202 because this is a civil action for a declaratory judgment.

4. This Court has personal jurisdiction over Ancora because Ancora has submitted to the jurisdiction of this Court by filing the underlying lawsuit (Civil Action No. 8:08-CV-626-AG-ANx) ("the Existing Lawsuit").

5. Ancora has consented to venue by filing the Existing Lawsuit. Accordingly, venue is proper under 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

6. Microsoft's Complaint arises out of Plaintiff's attempts to enforce United States Patent No. 6,411,941 ("the '941 patent") in the Existing Lawsuit against Microsoft manufacturing customers including Toshiba America Information Systems, Inc., Dell, Inc., and Hewlett-Packard Company (collectively, the "Microsoft OEM Defendants").

7. In the Existing Lawsuit, Plaintiff has alleged that it "is the owner of all right, title and interest in the '941 patent." [Compl. ¶ 9 (June 5, 2008)]

8. In the Existing Lawsuit, Plaintiff claims that the Microsoft OEM Defendants have infringed the '941 Patent by having "made, used, offered for sale,

imported and sold in the United States, and continu[ing] to make, use, offer for sale, import and sell in the United States products and/or processes which infringe the '941 patent, induce others to infringe and/or contributorily infringe the '941 patent." [*Id.* at ¶ 11] In particular, Plaintiff has alleged that each of the Microsoft OEM Defendants "restrict[s] software operation through use of the SLP process which infringes the '941 patent, induces others to infringe, and/or contributorily infringes the '941 patent." [*Id.*]

9. System-Locked Preinstallation ("SLP") is Microsoft technology. The Microsoft OEM Defendants may use SLP when assembling and/or configuring their computer products for sale to end users. SLP facilitates the activation of certain versions of Microsoft operating system software, and helps to protect against the unauthorized use of such Microsoft operating system software. Plaintiff's accusations of infringement against the Microsoft OEM Defendants therefore implicate Microsoft software and technology.

10. Upon information and belief, Plaintiff takes the position that any Microsoft customer using SLP in the assembly or configuration of computer products for sale to end users infringes one or more claims of the '941 patent.

11. An actual and justiciable controversy exists between Microsoft and Plaintiff as to whether or not Microsoft and its customers (including but not limited to the Microsoft OEM Defendants) have infringed any claim of the '941 patent, directly or indirectly, in connection with the use of SLP. Further, an actual and justiciable controversy exists between Microsoft and Plaintiff as to whether or not any claim of the '941 patent is invalid and/or unenforceable.

## COUNT 1

**(Declaratory Judgment of Noninfringement of the '941 Patent)**

12. Microsoft restates, realleges, and incorporates by reference paragraphs 1 through 11.

13. Microsoft does not infringe any claim of the '941 patent, either directly or indirectly (*e.g.*, by inducing or contributing to infringement).

14. None of the Microsoft OEM Defendants and none of Microsoft's other customers infringe any claim of the '941 patent, directly or indirectly, by virtue of such customer's use of any Microsoft technology or software.

15. A judicial declaration that Microsoft and its customers do not infringe any claim of the '941 patent as stated in paragraphs 13 and 14 is necessary and appropriate at this time to enable Microsoft and its customers to ascertain their rights and duties with respect to designing, developing, making, licensing, distributing and using Microsoft's technology and software. Absent such a declaration, Plaintiff will continue to assert the '941 patent against Microsoft and/or Microsoft's customers, and thereby cause Microsoft irreparable injury and damage. Microsoft has no other adequate remedy at law.

16. This is an exceptional case under 35 U.S.C. § 285, entitling Microsoft to an award of its attorneys' fees incurred in connection with this action.

## COUNT II

**(Declaratory Judgment of Invalidity of the '941 Patent)**

17. Microsoft restates, realleges, and incorporates by reference paragraphs 1 through 16.

18. Each claim of the '941 patent is invalid for failing to meet one or more of the requirements for patentability, including, without limitation, the requirements set forth in 35 U.S.C. §§ 101, 102, 103 and 112.

19. A judicial declaration that each claim of the '941 patent is invalid is necessary and appropriate at this time so that Microsoft and its customers can ascertain their rights and duties with respect to designing, developing, making, licensing, distributing and using Microsoft's technology. Absent such a declaration, Plaintiff will continue to assert the '941 patent against Microsoft and/or

| | |
|---|---|
| 1 | Microsoft's customers, and thereby cause Microsoft irreparable injury and damage. |
| 2 | Microsoft has no other remedy at law. |
| 3 |     20.    This is an exceptional case under 35 U.S.C. § 285, entitling Microsoft |
| 4 | to an award of its attorneys' fees incurred in connection with this action. |

## REQUESTED RELIEF

Microsoft requests Judgment against Plaintiff:

    a.    declaring that Microsoft and its customers that use Microsoft technology and software, including the Microsoft OEM Defendants, do not infringe any claim of the '941 patent;

    b.    declaring that each and every claim of the '941 patent is invalid;

    c.    declaring that each and every claim of the '941 patent is unenforceable;

    d.    adjudging this case "exceptional" within the meaning of 35 U.S.C. § 285, entitling Microsoft to an award of its reasonable attorneys' fees, expenses and costs; and

    e.    granting such other and further equitable or legal relief as the Court deems proper.

///

///

///

## DEMAND FOR JURY TRIAL

Microsoft hereby demands trial by jury on all issues so triable.

Respectfully submitted,

DATED: September 5, 2008

**PERKINS COIE LLP**

**PERKINS COIE BROWN & BAIN P.A.**

By: /s/ Lauren Sliger
Lauren Sliger

Attorneys for Intervenor
MICROSOFT CORPORATION

14579253.2

# PROOF OF SERVICE

I, PAMELA VILLERAL, declare:

I am a citizen of the United States and employed in Los Angeles, County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1620 26th Street, Sixth Floor, South Tower, Santa Monica, California 90404-4013. On September 5, 2008, I caused the service a copy of the following document(s):

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION BY MICROSOFT CORPORATION TO INTERVENE**

**Service List:**

Mark B. Mizrahi
mmizrahi@brookskusman.com
BROOKS KUSHMAN P.C.
6100 Center Drive, Suite 630
Los Angeles, CA 90045
Facsimile: (310) 846-4799
Attorneys for Plaintiff

Mark A. Cantor
mcantor@brookskushman.com
John S. LeRoy
jleroy@brookskushman.com
Marc Lorelli
mlorelli@brookskushman.com
BROOKS KUSHMAN P.C.
1000 Town Center
Twenty-Second Floor
Southfield, MI 48075
Facsimile: (248) 358-3351
Attorneys for Plaintiff

Stephen C. Jensen
stephen.jensen@kmob.com
John W. Gurka
jgurka@kmob.com
Irfan A. Lateef
Irfan.lateef@kmob.com
Andrew Hall
andrew.hall@kmob.com
litigation@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Facsimile: (949) 760-9502
Attorneys for Defendant TOSHIBA AMERICA INFORMATION SYSTEMS, INC.

Brandon C. Fernald
bfernald@fulbright.com
Christopher R. Benson
cbenson@fulbright.com
Michael C. Barrett
mbarrett@fulbright.com
FULBRIGHT & JAWORSKI LLP
555 South Flower Street
Los Angeles, CA 90071
Facsimile: (213) 892-9494
Attorneys for DELL, INC.

| | |
|---|---|
| 1 | Darryl M. Woo |
| 2 | dwoo@fenwick.com |
|  | Heather N. Mewes |
| 3 | hmewes@fenwick.com |
|  | FENWICK & WEST LLP |
| 4 | 555 California Street |
|  | 12th Floor |
| 5 | San Francisco, CA  94104 |
| 6 | Facsimile:  (415) 281-1350 |
|  | Attorneys for Defendant |
| 7 | HEWLETT-PACKARD COMPANY |

8  [X]  **(BY MAIL)**  I am readily familiar with this business's practices concerning collection and processing of correspondence for mailing with the United States Postal Service, and declare that correspondence is deposited with the United States Postal Service on the same day it is internally collected at Perkins Coie LLP in the ordinary course of business.

[X]  **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on September 5, 2008, at Santa Monica, California.

_____
PAMELA VILLERAL

---

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION BY MICROSOFT CORPORATION TO INTERVENE**           -2-           SACV08-626 AG (ANx)