"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SA CV 08-0626 AG (MLGx) | Date | September 22, 2008 |
|----------|-------------------------|------|--------------------|
| Title | ANCORA TECHNOLOGIES, INC. v. TOSHIBA AMERICA INFORMATION SYSTEMS, INC., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|------------------------|--------------------|--|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:**     ORDER GRANTING MICROSOFT CORPORATION'S MOTION TO INTERVENE

Applicant Microsoft Corporation (the "Applicant") brought an unopposed Motion to Intervene (the "Motion"). The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. Accordingly, the Court VACATES the hearing on this matter scheduled for September 29, 2008. After considering Applicant's arguments, the Court GRANTS the Motion.

## BACKGROUND

In this section, the Court accepts as true the facts as stated by Applicant. Plaintiff Ancora Technologies, Inc. ("Plaintiff") is suing defendants Toshiba American Information Systems, Inc. et al. ("Defendants") for patent infringement. (Motion 1:1.) Plaintiff's claims are based on Defendants' alleged use of Applicant's software and technology. (*Id.* 1:4-6.) Defendants are some of Applicants largest original equipment manufacturer ("OEM") customers and have tendered demands for indemnification and defense to Applicant. (*Id.* 1:7-10.) Plaintiff and each of the Defendants have stipulated to the entry of an order permitting Applicant to intervene. (*Id.* 1:18-19.)

"O"

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SA CV 08-0626 AG (MLGx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | ANCORA TECHNOLOGIES, INC. v. TOSHIBA AMERICA INFORMATION SYSTEMS, INC., et al. | | |

## LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) permits a party to intervene as of right in a preexisting lawsuit. To intervene as of right, an applicant must satisfy four requirements: (1) a timely application, (2) a significantly protectable interest relating to the property or transaction that is the subject of the action, (3) the disposition of the action might adversely affect the applicant's ability to protect that interest, and (4) the interest is not adequately represented by existing parties. *Arakaki v. Cavetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). An applicant "bears the burden of showing that all the requirements for intervention have been met. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir.2004). In considering a motion to intervene, a district court accepts as true nonconclusory allegations of the motion, "absent sham, frivolity or other objections." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir.2001).

## ANALYSIS

The intervention is timely because the lawsuit is at an early stage. Applicant has a significantly protectable interest because the Defendants are important OEM customers who make and sell computer products equipped with Applicant's software, and Plaintiff alleges patent infringement based on the Defendants' use of Applicant's software and technology in connection with making and selling computer products. *See, e.g., County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1995) (describing the protectable interest test as "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with the efficiency of the process . . . ."). The relationship requirement is met because Applicant has an obvious and direct interest in defending its OEM customers in their use of Applicant's software and technology. *See, e.g., In re Estate of Marcos*, 2008 WL 2924977, at * 3 (9th Cir. July 31, 2008) ("The relationship requirement is met if the resolution of the plaintiff's claims actually will affect the applicant.") (citation omitted). Applicant's interest is not adequately represented by the existing Defendants because none has comparable expertise or

"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SA CV 08-0626 AG (MLGx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | ANCORA TECHNOLOGIES, INC. v. TOSHIBA AMERICA INFORMATION SYSTEMS, INC., et al. | | |

incentive to defend Applicant's own software and technology. *See, e.g., Arakaki,* 324 F.3d at 1086 (requiring only a "minimal" showing on this element).

## **DISPOSITION**

The Court GRANTS the Motion.

_____ : ___0___

Initials of
Preparer        lmb