Lauren Sliger, Bar No. 213880
Lsliger@perkinscoie.com
PERKINS COIE LLP
1620 - 26th Street, Sixth Floor
Santa Monica, CA  90404
Telephone:  (310) 788-9900
Facsimile:  (310) 788-3399

Chad S. Campbell (*Admitted pro hac vice*)
CSCampbell@perkinscoie.com
David S. LaSpaluto, Bar No. 211276
DlaSpaluto@perkinscoie.com
Scott S. Minder (*Admitted pro hac vice*)
SMinder@perkinscoie.com
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, AZ  85012-2788
Telephone:  (602) 351-8000
Facsimile:  (602) 648-7000

Attorneys for Intervenor
MICROSOFT CORPORATION and
HEWLETT PACKARD COMPANY

*(Counsel list continued on subsequent pages)*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANCORA TECHNOLOGIES, INC., | Case No. SACV 08-0626-AG (MLGx) |
| Plaintiff, | [~~PROPOSED~~] INTERIM PROTECTIVE ORDER |
| v. | |
| TOSHIBA AMERICA INFORMATION SYSTEMS, INC., DELL, INC., HEWLETT-PACKARD COMPANY, | |
| Defendant. | |
| and | |
| MICROSOFT CORPORATION, | |
| Intervenor. | |
| AND RELATED COUNTERCLAIMS | |

Mark A. Cantor
mcantor@brookskushman.com
John S. LeRoy
jleroy@brookskushman.com
Marc Lorelli
mlorelli@brookskushman.com
BROOKS KUSHMAN P.C.
1000 Town Center
Twenty-Second Floor
Southfield, MI  48075
Telephone:  (248) 358-4400
Facsimile:  (248) 358-3351

Mark B. Mizrahi
mmizrahi@brookskushman.com
BROOKS KUSHMAN P.C.
6100 Center Drive, Suite 630
Los Angeles, CA  90045
Telephone:  (310) 348-8200
Facsimile:  (310) 846-4799

Attorneys for Plaintiff ANCORA
TECHNOLOGIES, INC.

Stephen C. Jensen
sjensen@kmob.com
Jon Gurka
jgurka@kmob.com
Irfan A. Lateef
Ilateef@kmob.com
KNOBBE, MARTENS, OLSON &
    BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949) 721-2830
Facsimile:  (949) 760-9502

Attorneys for Defendant TOSHIBA
AMERICA INFORMATION
SYSTEMS, INC.

1   Christopher R. Benson
    cbenson@fulbright.com
2   Michael Coyle Barrett
    mbarrett@fulbright.com
3   FULBRIGHT & JAWORSKI LLP
4   600 Congress Avenue
    Suite 2400
5   Austin, TX 78701-2978
6   Telephone:  (512) 536-3018
    Facsimile:  (512) 536-4598
7

8   Brandon C. Fernald
    bfernald@fulbright.com
9   FULBRIGHT & JAWORSKI LLP
    555 South Flower Street
10  Forty-First Floor
    Los Angeles, CA  90071
11  Telephone:  (213) 892-9215
12  Facsimile:  (213) 892-9494

13  Attorneys for Defendant DELL, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Protective Order

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), and pursuant to the stipulation of the parties, it is hereby ORDERED THAT:

## Information Subject To This Order

1.      For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material that is produced or disclosed by a producing party to a receiving party; which the producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, reasonably considers to constitute or to contain trade secrets or other confidential research, development, proprietary, business or commercial information within the meaning of Fed. R. Civ. P. 26(c), whether embodied in physical objects, documents, or the factual knowledge of persons; and which has been so designated by the producing party.

2.      For purposes of this Order, "HIGHLY CONFIDENTIAL INFORMATION" shall mean information or material that is produced or disclosed by a producing party to a receiving party; which constitutes proprietary financial or technical or commercially sensitive competitive information that the producing party maintains as highly confidential in its business.  The parties have advised the Court that they disagree regarding the specific types of information that should be included within the definition of HIGHLY CONFIDENTIAL INFORMATION, and have stipulated to present that issue for resolution pursuant to Local Rule 37-2.

3.     Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the producing party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party.  Any document or tangible thing containing or including any HIGHLY CONFIDENTIAL INFORMATION may be designated as such by the producing party by marking it "HIGHLY CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party.  CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION may sometimes be referred to herein as "Protected Material."

4.     Inadvertent or unintentional production of documents or information containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that are not designated as such shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  If a producing party inadvertently discloses or produces any information that it deems to be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION without so designating the information, the producing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing.  The receiving party shall thereafter treat the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION as if it had always been so designated under this Protective Order.  To the extent that, prior to having been informed by the producing party, such information may already have been disclosed to persons not authorized to see the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to limit any further disclosure to unauthorized persons.  The receiving party shall bear no liability to the producing party, however, for the actions of third parties to whom such confidential information was disclosed prior to designation of such information as such by the producing party.

1     5.     Testimony or information disclosed at a deposition that contains

2     CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

3     INFORMATION may be designated as such by indicating on the record at the

4     deposition the portions of the testimony containing such information.  There shall

5     be no wholesale designation of transcripts as CONFIDENTIAL INFORMATION

6     or HIGHLY CONFIDENTIAL INFORMATION merely because portions of the

7     transcript contain CONFIDENTIAL INFORMATION or HIGHLY

8     CONFIDENTIAL INFORMATION.  Alternatively, the producing party may

9     designate testimony or information disclosed at a deposition, including exhibits,

10     that contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

11     INFORMATION by notifying all parties in writing, within twenty (20) days after

12     the producing party's receipt of the transcript, of the specific pages and lines of the

13     transcript that contain such information.  Whether or not designation is made at the

14     time of a deposition, accessibility to each transcript (and the information contained

15     therein) of any deposition in its entirety shall be limited to outside counsel of record

16     only and persons in attendance at the deposition, from the taking of the deposition

17     until twenty (20) days after the actual receipt of the transcript by the producing

18     party, or until receipt of the notice referred to in this paragraph, whichever occurs

19     sooner.  At the expiration of the said twenty (20) day period, unless notice

20     hereunder to the contrary is given at the time of the deposition or prior to the

21     expiration of said period, the entire transcript shall be deemed non-confidential.

22     6.     Any court reporter or videographer who reports, transcribes or

23     videotapes testimony in this action shall not disclose any CONFIDENTIAL

24     INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, except

25     pursuant to the terms of this Order.  To the extent that CONFIDENTIAL

26     INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is used in

27     depositions or at hearings, in the absence of an order entered by the Court to the

28     contrary, such information shall remain subject to the provisions of this Order,

along with the transcript pages of the deposition testimony and/or trial testimony referring to such information contained therein.  The parties in conjunction with the Court will discuss whether certain protection of this Order for CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION should be embodied in a Protective Order that covers the trial in this matter.

7.     In the event that any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is used in any court proceeding in this action, such information shall not lose its protection hereunder through such use.  The confidentiality of such materials shall be protected as determined and directed by the Court.

8.     All CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION not reduced to documentary, tangible, or physical form or which cannot be conveniently designated as set forth in Paragraph 4, shall be designated by the producing party by informing the receiving party of the designation in writing.

9.     Any documents (including physical objects) made available for initial inspection by outside counsel of record for the receiving party prior to producing copies of selected items shall be considered, as a whole, to constitute HIGHLY CONFIDENTIAL INFORMATION and shall be subjected to this Order. Thereafter, the producing party shall have a reasonable time which shall not exceed 10 days to review and designate the appropriate documents as CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL INFORMATION prior to furnishing copies to the receiving party.

10.     The following information is not CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION:

(a)     any information which at the time of disclosure to a receiving party is in the public domain;

1    (b)    any information which after disclosure to a receiving party becomes

2  part of the public domain as a result of publication not involving a violation of this

3  Order or any violation of law;

4    (c)    any information which a receiving party can show was received by it,

5  whether before or after the disclosure, from a source who obtained the information

6  lawfully and under no obligation of confidentiality to the producing party; and

7    (d)    any information which a receiving party can show was independently

8  developed by it after the time of disclosure by personnel who have not had access to

9  the producing party's CONFIDENTIAL INFORMATION or HIGHLY

10  CONFIDENTIAL INFORMATION, and

11    (e) any information that the Court concludes does not qualify for protection

12  under Fed. R. Civ. P. 26(c).

13                         **No Waiver Of Privilege**

14    11.    Inspection or production of documents (including physical objects)

15  shall not constitute a waiver of the attorney-client privilege or work-product

16  immunity or any other applicable privilege or immunity from discovery if, as soon

17  as reasonably possible after the producing party becomes aware of any inadvertent

18  or unintentional disclosure, the producing party designates any such documents as

19  within the attorney-client privilege or work-product immunity or any other

20  applicable privilege or immunity and requests return of such documents to the

21  producing party.  Upon request by the producing party, the producing party shall

22  add the inadvertently produced document(s) to a log in accordance with

23  Fed.R.Civ.P. 26(b)(5), the receiving party shall immediately return all copies

24  (except as explained below) of such inadvertently produced document(s) and shall

25  immediately destroy the content of any such inadvertently produced document(s) in

26  any receiving party work product.  The receiving party shall not use such

27  information for any purpose until further Order of the Court.  Nothing herein shall

28  prevent the receiving party from challenging the propriety of the attorney-client

privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.  To do so, the receiving party may retain a copy of the inadvertently produced document(s) for submission to the Court.  The challenge shall not assert as a ground for production the fact or circumstances of the inadvertent production or any information about the contents of the materials that was gained due to the inadvertent production.  The protections against waiver of applicable privileges set out in this paragraph are in addition to the protections provided under Fed. R. Evid. 502(b).

**Discovery Rules Remain Unchanged**

12.    Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules, or any other applicable order of this Court.

**Persons Authorized To Receive Confidential Information, Highly Confidential Information And Outside Counsel Eyes Only Source Code**

13.    CONFIDENTIAL INFORMATION shall be disclosed only to the following persons:

(a)    the parties' outside counsel of record in this action and employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action, including but not limited to paralegals, law clerks, and stenographic and clerical employees, and excluding consultants, experts and investigators;

(b)    subject to the requirements of paragraphs 15-17 herein, consultants and experts who have been retained by the receiving party or its outside counsel of record to provide assistance in this matter (with disclosure only to the extent

necessary to perform such work) and who are not current employees of the receiving party;

(c)     subject to the requirements of paragraphs 18 and 19 herein, two (2) in-house attorneys employed by Dell, Inc. and two (2) in-house attorneys employed by Toshiba America Information Systems, Inc., and two (2) in-house attorneys employed by Hewlett-Packard Company, and two (2) in-house attorneys employed by Microsoft, and two (2) paralegals or legal assistants employed by and assisting each of the identified in-house counsel;

(d)     subject to the requirements of paragraph 19, up to two (2) current employees or officers of the receiving party with responsibility for managing or evaluating this case, following identification of each employee or officer to each of the other parties;

(e)     graphics, translation, design, jury and/or trial consulting services, including mock jurors, retained by a party;

(f)     data processing vendors, photocopy, document imaging and database services, and consultants retained by outside counsel of record to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases; and

(g)     the Court, its technical advisor (if one is appointed), persons employed by the Court, jurors, mediators, and court reporters or videographers recording the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom.

14.     HIGHLY CONFIDENTIAL INFORMATION shall be disclosed only to the following persons:

(a)     the parties' outside counsel of record in this action and employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action, including but not limited to paralegals, law clerks, and

1  stenographic and clerical employees, and excluding consultants, experts and

2  investigators;

3       (b)    subject to the requirements of paragraphs 15-17 herein, consultants

4  and experts who have been retained by the receiving party or its outside counsel of

5  record to provide assistance in this matter (with disclosure only to the extent

6  necessary to perform such work) and who are not current employees of the

7  receiving party;

8       (c)    graphics, translation, design, jury and/or trial consulting services,

9  including mock jurors, retained by a party;

10       (d)    data processing vendors, photocopy, document imaging and database

11  services, and consultants retained by outside counsel of record to set up, maintain

12  and/or operate computer systems, litigation databases or to convert data for

13  inclusion in such databases; and

14       (e)    the Court, its technical advisor (if one is appointed), persons employed

15  by the Court, jurors, mediators, and court reporters or videographers recording the

16  testimony or argument at a hearing, trial or deposition in this action or any appeal

17  therefrom.

18       (f)    depending on the type of documents that may be designated HIGHLY

19  CONFIDENTIAL, the parties believe that there may be additional categories of

20  authorized persons that should be added to this paragraph 14, but have been unable

21  to reach agreement and will therefore submit that issue to the Court for resolution

22  pursuant to Local Rule 37-2.  Pending the Court's resolution of the issue, material

23  designated as HIGHLY CONFIDENTIAL INFORMATION shall be disclosed

24  solely to persons listed above in paragraph 14.

25       15.    Prior to disclosure of any Protected Material to any consultant or

26  expert, the receiving party shall first give written notice to the producing party, who

27  shall have five (5) business days after such notice is given (plus three (3) business

28  days if notice is given other than by hand delivery, e-mail transmission, or facsimile

transmission) to object in writing.  The party desiring to disclose Protected Material to a consultant or expert shall provide the curriculum vitae of such individual and shall include the following information about such individual in the written notice:

(a)    business address;

(b)    business title;

(c)    business or profession;

(d)    any previous or current relationship (personal or professional) with any of the parties; and

(e)    a listing of other cases in which the individual has testified (at trial or deposition), and all companies with which the individual has consulted or by which the individual has been employed, within the last four years.

16.    No Protected Material shall be disclosed to such consultant or expert until after the expiration of the foregoing notice period.

17.    If during the notice period the producing party serves an objection upon the receiving party desiring to disclose Protected Material to the consultant or expert, there shall be no disclosure of Protected Material to such individual pending resolution of the objection.  The producing party objecting to disclosure of Protected Material to the individual shall provide an explanation of the basis of its objection, and consent to the disclosure of Protected Material to the individual shall not be unreasonably withheld.  If a producing party objects to the disclosure of Protected Material to a consultant or expert, the receiving party and producing party shall meet and confer pursuant to Local Rule 37-1 regarding the objection within three (3) business days after such objection is served.  If the parties cannot come to an agreement, the producing party shall have seven (7) business days to serve the receiving party with the producing party's portion of a joint stipulation under Local Rule 37-2.  The parties shall thereafter follow the procedures set forth in Local Rule 37 to file the joint stipulation for resolution by the Court whether the consultant or expert shall be precluded from having access to the producing party's Protected

1   Material, or for other appropriate relief.  If the producing party fails to serve a

2   written objection or to serve its portion of the joint stipulation within the prescribed

3   periods above, then any objection to the disclosure of Protected Material to the

4   consultant or expert is waived, and any Protected Material may be thereafter

5   disclosed to such individual.  No document designated by a producing party as

6   Protected Material shall be disclosed by a receiving party to a consultant or expert

7   until after the individual has signed the Confidentiality Agreement appended hereto

8   as Attachment A, stating that he or she has read and understands this Order and

9   agrees to be bound by its terms.  Such written agreement shall be retained by the

10  outside counsel of record for the party that has retained the consultant or expert, but

11  need not be disclosed to any other party.

12      18.     The following additional restrictions apply to Protected Material that is

13  produced by any of Toshiba America Information Systems, Inc. ("TAIS"), Hewlett-

14  Packard Company ("HP") or Dell, Inc. ("Dell") (the "PC Company Defendants).

15  Protected Material produced by any PC Company Defendant shall not be disclosed

16  to any employee, in-house counsel, in-house paralegal or other representative or

17  agent of any of the other PC Company Defendants.  The limitations of this

18  paragraph do not apply to, outside counsel of record (including staff), outside

19  consultants or outside experts of a PC Company, retained for this action.

20      19.     Prior to disclosure of any Protected material to any current employee

21  or officer of the receiving party, outside counsel of record for the receiving party

22  shall first obtain from such individual a signed Confidentiality Agreement, in the

23  form appended hereto as Attachment A, stating that he or she has read and

24  understands this Order and agrees to be bound by its terms.  Such written

25  agreement shall be retained by outside counsel of record for the receiving party, and

26  a copy of which shall be produced to the producing party within seven (7) calendar

27  days after execution.

28

20.     Prior to disclosure of any Protected Material to any graphics, translation, design, jury and/or trial consulting services, including mock jurors, data processing vendors, photocopy, document imaging and database services, and consultants retained by outside counsel of record to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases, mediators, and court reporters or videographers not employed by the Court, any such individual or an authorized representative of any such entity must execute a written Confidentiality Agreement in the form appended hereto as Attachment A.  Such agreement shall be retained by the outside counsel of record obtaining it, but need not be disclosed to any other party.

21.     In the event of a disclosure of any Protected Material to a person or persons not authorized to receive such information under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify the producing party and provide all known relevant information concerning the nature and circumstances of the disclosure. The party responsible for having made such disclosure shall also promptly take all reasonable measures to retrieve the improperly disclosed information and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

**Restrictions On Source Code**

22.     The Defendants seek specific protection for source code.  The parties have advised the Court that they have been unable to reach agreement on that issue and will submit it for resolution pursuant to Local Rule 37-2.

**Prosecution Bar**

23.     Defendants seek certain limitations on the ability of any attorney or patent agent who has reviewed Protected Material to participate in the prosecution of patent claims and applications that cover subject matter connected to this law suit.  The parties have advised the Court that they have been unable to reach

agreement on that issue and will submit it for resolution by the Court pursuant to Local Rule 37-2.

## Challenges To Confidentiality Designations

24.     The parties will use reasonable care when designating documents or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL.  The parties shall exercise such care on a document-by-document basis and shall not designate documents or other items CONFIDENTIAL or HIGHLY CONFIDENTIAL en masse.  Nothing in this Order shall prevent a receiving party from contending that any or all documents or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL have been improperly designated.  A receiving party may at any time request that the producing party cancel or modify the confidentiality designation with respect to any document or information contained therein.

25.     A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on outside counsel of record for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated.  The parties shall use their best efforts to resolve such disputes promptly and informally.  If agreement cannot be reached, the receiving party shall request that the Court cancel or modify a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation.

## Limitations On The Use Of Confidential Information And Highly Confidential Information

26.     CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All CONFIDENTIAL

1    INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be

2    carefully maintained so as to preclude access by persons who are not entitled to

3    receive such information.

4         27.    Except as may be otherwise ordered by the Court, any person may be

5    examined as a witness at depositions and trial and may testify concerning all

6    CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

7    INFORMATION of which such person has prior knowledge.  Except as may be

8    otherwise ordered by the Court, any person may be examined as a witness at

9    depositions and trial and may testify concerning any document containing

10   CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

11   INFORMATION of a producing party that establishes on its face or is established

12   from other documents or testimony to have been previously received from or

13   communicated to the person.  Any such persons shall not be allowed to retain any

14   CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

15   INFORMATION disclosed under this paragraph.

16        28.    All documents containing or attaching Protected Material that are to be

17   filed with the Court, including briefs and other pleadings, shall be filed in

18   accordance with Local Rule 79-5.  Such documents shall be placed in sealed

19   envelopes or other appropriate sealed containers on which a copy of the caption

20   from this lawsuit shall be affixed, stating on it "Confidential - Subject to Protective

21   Order" or "Attorneys' Eyes Only - Subject to Protective Order" and a statement

22   substantially in the following form:

23              This envelope contains information designated as Protected

24              Material under the governing Court Protective Order and is not

25              to be opened, and the contents axe not to be displayed or

26              revealed, except by order of the Court presiding over this

27              matter.

28

29.     Nothing in this Protective Order shall preclude any party to this lawsuit or its attorneys from disclosing or using, in any manner or for any purpose, its own CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

### **Non-Party Use Of This Protective Order**

30.     A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.  However, non-parties to this lawsuit who designate material or information under this Protective Order shall not thereby obtain the right to have access to any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION produced by any party to this lawsuit.

### **Miscellaneous Provisions**

31.     Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the attorney of record for the party against whom such waiver will be effective.

32.     Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each receiving party shall, at its option, either return to the producing party or destroy all physical objects and documents that are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL by a producing party, and shall destroy in whatever form stored or reproduced, all other physical objects and documents, including but not limited to, correspondence, memoranda, notes, and other work product materials, which contain or refer to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION; provided, that all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, not embodied in physical objects and documents, shall remain

1   subject to this Order.  Notwithstanding the foregoing, outside counsel of record

2   shall be entitled to maintain one copy of all pleadings, motions, and trial briefs

3   (including all supporting and opposing papers and exhibits thereto), written

4   discovery requests and responses (and exhibits thereto), deposition transcripts (and

5   exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence

6   at trial.  At the request of the producing party, a representative of the receiving

7   party shall certify under oath that such documents have been destroyed within sixty

8   (60) days of the final determination of this action.

9        33.   After termination of this litigation, the provisions of this Order shall

10  continue to be binding, except with respect to those documents and information that

11  become a matter of public record.  This Court retains and shall have continuing

12  jurisdiction over the parties and recipients of CONFIDENTIAL INFORMATION

13  or HIGHLY CONFIDENTIAL INFORMATION for enforcement of the provisions

14  of this Order following termination of this litigation.

15       34.   This Order shall be binding upon the parties and their attorneys,

16  successors, legal representatives, assigns, subsidiaries, divisions, employees,

17  agents, independent contractors, or other persons or organizations over which they

18  have control.

19       35.   This Order is entered without prejudice to the right of any party to

20  apply to the Court at any time for additional protection, or to relax or rescind the

21  restrictions of this Order, when convenience or necessity requires.  This Order is

22  only for the benefit of the parties to this litigation.  The Court shall take appropriate

23  measures to protect CONFIDENTIAL INFORMATION or HIGHLY

24  CONFIDENTIAL INFORMATION at trial and any hearing in this case.

25       36.   Until such time as this Protective Order has been entered by the Court,

26  the parties agree that upon execution by the parties, the Protective Order will be

27  treated as though it had been "So Ordered."

28

37.     The United States District Court for the Central District of California, is responsible for the interpretation and enforcement of this Protective Order.  All disputes concerning CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION produced under the protection of this Protective Order shall be resolved by the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:   December 16, 2008                    MARC L. GOLDMAN
                                      UNITED STATES MAGISTRATE JUDGE

1                UNITED STATES DISTRICT COURT

2             CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANCORA TECHNOLOGIES, INC., | Case No. SACV 08-0626-AG (MLGx) |
| Plaintiff, | **EXHIBIT A TO PROTECTIVE ORDER–** |
| v. | |
| TOSHIBA AMERICA INFORMATION SYSTEMS, INC., DELL, INC., HEWLETT-PACKARD COMPANY, | **CONFIDENTALITY AGREEMENT** |
| Defendant. | |
| and | |
| MICROSOFT CORPORATION, | |
| Intervenor. | |
| AND RELATED COUNTERCLAIMS | |

I, _____, state:

1.    I reside at _____.

2.    My present employer is _____, and my present occupation or job title is _____.

3.    I have read and understood the Protective Order dated _____, 2008, entered in this case, and I agree to be bound by its terms.

4.    I agree to abide strictly by the limitations of the Protective Order in the maintenance, disclosure and use of any information that I receive that has been designated under the Protective Order.

5.    I agree to be subject to the authority of the United States District Court for the Central District of California in the event of any violation of this agreement or dispute related to this agreement.

1      6.     I state under penalty of perjury under the laws of the United States of

2  America that the foregoing is true and correct.

3      Executed on: _____

4      Signature: _____

1

## PROOF OF SERVICE

2

I, MARY WADSWORTH, declare:

3

I am a citizen of the United States and employed in Maricopa County,
Arizona.  I am over the age of eighteen years and not a party to the within-entitled
action.  My business address is 2901 North Central Avenue, Suite 2000, Phoenix,
Arizona 85012.  I hereby certify that on December 16, 2008, the within document,
**[PROPOSED] INTERIM PROTECTIVE ORDER**, was presented to the Clerk
of the Court for filing and uploading to the ECF system that will send notification
of such filing to the following list:

4

5

6

7

## Electronic Mail Service List:

8

9
Mark B. Mizrahi
mmizrahi@brookskushman.com
10
BROOKS KUSHMAN P.C.
6100 Center Drive, Suite 630
11
Los Angeles, CA  90045
Facsimile:  (310) 846-4799
12
Attorneys for Plaintiff

13

14

15

Mark A. Cantor
mcantor@brookskushman.com
John S. LeRoy
jleroy@brookskushman.com
Marc Lorelli
mlorelli@brookskushman.com
BROOKS KUSHMAN P.C.
1000 Town Center
Twenty-Second Floor
Southfield, MI  48075
Facsimile:  (248) 358-3351
Attorneys for Plaintiff

16

17
Stephen C. Jensen
sjensen@kmob.com
18
Jon Gurka
jgurka@kmob.com
19
Irfan A. Lateef
Ilateef@kmob.com
20
KNOBBE, MARTENS, OLSON &
      BEAR, LLP
21
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
22
Facsimile:  (949) 760-9502
23
Attorneys for Defendant TOSHIBA
AMERICA INFORMATION
24
SYSTEMS, INC.

Christopher R. Benson
cbenson@fulbright.com
Michael Coyle Barrett
mbarrett@fulbright.com
FULBRIGHT & JAWORSKI LLP
600 Congress Avenue
Suite 2400
Austin, TX 78701-2978
Facsimile:  (512) 536-4598
Attorneys for DELL, INC.

25

26

27

28

1
2
3
4
5

Brandon C. Fernald
bfernald@fulbright.com
FULBRIGHT & JAWORSKI LLP
555 South Flower Street
Forty-First Floor
Los Angeles, CA  90071
Facsimile:  (213) 892-9494
Attorneys for DELL, INC.

6
7
8
9

[X]   **(BY MAIL)**   I am readily familiar with this business's practices concerning collection and processing of correspondence for mailing with the United States Postal Service, and declare that correspondence is deposited with the United States Postal Service on the same day it is internally collected at Perkins Coie LLP and/or Perkins Coie Brown & Bain P.A. in the ordinary course of business.

10
11

[X]   **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

12
13

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

14

Executed on December 16, 2008, at Phoenix, Arizona.

15
16
17

/s/ Mary Wadsworth
MARY WADSWORTH

18

14984818.3

19
20
21
22
23
24
25
26
27
28